**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| BAXTER HEALTHCARE CORP., ET AL. | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:06-CV-438 (TJW) |
| | § | |
| FRESENIUS MEDICAL CARE HOLDINGS, | § | |
| INC. d/b/a FRESENIUS MEDICAL CARE | § | |
| NORTH AMERICA, ET AL. | § | |
|     Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a). The Court has carefully considered the parties' written submissions. Defendants' Motion to Transfer Venue is GRANTED and it is ordered that this case be transferred to the Northern District of California for the reasons set forth in this opinion.

**I.      Background**

Plaintiffs Baxter Healthcare Corporation ("Baxter") and Deka Products L.P. ("Deka") filed suit against Defendants Fresenius Medical Care Holdings, Inc. d/b/a Fresenius Medical Care North America ("Fresenius North America") and Fresenius USA, Inc. ("Fresenius USA" and collectively "Fresenius") for infringement of U.S. Patent No. 5,421,823 (the "'823 Patent") entitled "Peritoneal Dialysis Methods that Emulate Gravity Flow."  Baxter is the exclusive licensee of the '823 Patent.

Baxter is a Delaware corporation with its principal place of business in Deerfield, Illinois. Deka is New Hampshire limited partnership with its principal place of business in Manchester, New Hampshire.  Fresenius North America is a New York corporation with its principal place of business in Lexington, Massachusetts, and Fresenius USA is a Massachusetts corporation with its principal

place of business in Walnut Creek, California. Fresenius operates several dialysis clinics in the Eastern District of Texas.

Plaintiffs claim that Defendants' Fresenius Liberty Cycler peritoneal dialysis system ("Liberty Cycler") infringes the '823 Patent. Plaintiffs do not claim that any other device, manufactured or sold by Fresenius, infringes the '823 Patent. According to the defendants, the Liberty Cycler device is currently in the developmental stage and, to date, only 15 prototypes have been produced. Nearly all of the activities related to the Liberty Cycler's development have taken place in Fresenius's Walnut Creek facility in California. Defendants contend that they have not manufactured, used, sold, or offered to sale the Liberty Cycler device in the Eastern District of Texas.

## II. Discussion

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). It is within the district court's sound discretion whether to transfer venue under section 1404(a). *Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000). When considering whether to transfer venue, the district court "must exercise its discretion in light of the particular circumstances of the case." *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001); *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 688 (E. D. Tex. 1999) (stating that district courts have the discretion to decide whether to transfer venue according to "individualized, case-by-case consideration of convenience and fairness").

When deciding whether to transfer venue, the court balances private and public interest factors. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). The private factors are the

following: (1) the plaintiffs' choice of forum; (2) the convenience of the parties and material witnesses; (3) the place of the alleged wrong; (4) the cost of obtaining the attendance of witnesses and the availability of the compulsory process; (5) the accessibility and location of sources of proof; and (6) the possibility of delay and prejudice if transfer is granted. *Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 771 (E.D. Tex. 2000). The public interest factors involve the following: (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws. *Id.*

### A. Private Factors

#### 1. Plaintiffs' Choice of Forum

The plaintiffs' choice of forum is neither controlling nor determinative, but is still a factor to be considered. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003). The plaintiffs' choice of forum, however, will not be disturbed unless it is clearly outweighed by other factors. *Shoemake v. Union Pac. R.R. Co.*, 233 F. Supp. 2d 828, 830 (E.D. Tex. 2002). The plaintiffs chose to bring their suit in the Eastern District of Texas, Marshall Division. Therefore, this factor weighs against transfer.

#### 2. The Convenience of the Parties and the Witnesses

The Court will first assess the convenience of the parties. However, the convenience of the parties is accorded less weight in a transfer analysis than the convenience of non-party witnesses. *Shoemake v. Union Pac. R.R. Co.*, 233 F. Supp. 2d 828, 832 (E.D. Tex. 2002). Fresenius USA's principal place of business is in California, and, therefore, it would be more convenient for Fresenius USA if this case were transferred to California. The other parties to this suit, however, are

incorporated or headquartered in various states other than Texas, including Delaware, New Hampshire, Massachusetts, and Illinois. These parties would be inconvenienced regardless of whether the case is transferred. In the Court's view, the convenience of the parties weighs slightly in favor of transfer.

The Court now considers the convenience of the witnesses. Generally, in a venue transfer analysis, the most important factor considered is whether "key fact witnesses" will be substantially inconvenienced if the court should deny transfer. *Mohamed,* 90 F. Supp. 2d at 774. Further, the convenience of non-party witnesses weighs more heavily in favor of transfer than the convenience of party witnesses. *Shoemake*, 233 F. Supp. 2d at 832. The moving party must "specifically identify key witnesses and outline the substance of their testimony." *Mohamed*, 90 F. Supp. 2d at 775 (quoting *Hupp v. Siroflex of America, Inc.*, 848 F. Supp. 744, 749 (S.D. Tex. 1994)).

In their moving papers, the defendants have listed three non-party witnesses located in California and have detailed the substance of their testimony. *Defendants' Motion to Transfer Venue ("Defendants' Motion")* at 11-13. The defendants also claim that there are many Fresenius employees in California who may have relevant information. *Id*. at 13. The defendants, however, do not specifically identify any of these witnesses. On the other hand, the plaintiffs argue that there are key witnesses spread across the United States and that Texas would be a more central and convenient location for all witnesses. *Plaintiffs' Response to Defendants' Motion to Transfer Venue ("Plaintiffs' Response")* at 2-3. The plaintiffs admit that the parties' witnesses are located in several states, including California, and one witness in Tyler, Texas. *Id*. at 16-18. Notwithstanding the plaintiffs' argument that Texas is a central location for this litigation, almost all of the witnesses outside of California will be inconvenienced regardless of whether the case is transferred to

4

California or remains in Texas. There is only one potential witness in Texas who would be inconvenienced if this case were transferred to California. For those witnesses located in California, it would be more convenient for this case to be transferred to California. In the Court's view, the convenience of the witnesses weighs slightly in favor of transfer.

    3.    <u>The Place of the Alleged Wrong</u>

The defendants have shown through affidavit, and the plaintiffs do not dispute, that the Liberty Cycler has not been sold, offered for sale, or made publicly available anywhere in the world. *Defendants' Motion* at 3. The defendants also assert that the Liberty Cycler has never been shipped into or out of Texas, nor has it been manufactured in Texas, and that all research and development has taken place in California. *Id*. at 3-4. On the other hand, the plaintiffs argue that Fresenius intends to distribute the Liberty Cycler in the near future. *Plaintiffs' Response* at 8. The plaintiffs, however, do not dispute that the majority of activities related to the Liberty Cycler have taken place in California. Moreover, even though the defendants operate dialysis clinics in this district, the present claims do not arise from the operation of those clinics, for the simple reason that the accused devices have never been sold or used in Texas. Accordingly, this factor weighs in favor of transfer.

    4.    <u>The Cost of Obtaining the Attendance of Witnesses and the Availability of Compulsory Process</u>

The parties have identified witnesses located across the country. There will also be party witnesses and expert witnesses located across the country who will be required to travel regardless of whether the case is in California or in Texas. Therefore, the cost of obtaining the attendance of witnesses is neutral as to transfer.

There is only one witness identified by the parties that would be subject to the compulsory

process in Texas. The witnesses from California would not be subject to the compulsory process in Texas, but would be subject to the compulsory process in California. However, there are also witnesses located across the country that would not be subject to the compulsory process in either California or Texas. In the Court's view, the availability of compulsory process is neutral as to transfer.

     5.     The Availability and Location of Sources of Proof

The sources of proof for all the parties are located in several different states. They can easily be sent to either Texas or California. The Court finds that this factor is neutral as to transfer.

     6.     The Possibility of Delay and Prejudice if Transfer is Granted

The Fifth Circuit has suggested that this factor may be relevant in a transfer analysis "only in rare and special circumstances and when such circumstances are established by clear and convincing evidence." *Shoemake*, 233 F. Supp. 2d at 834 (citing *In re Horseshoe Entm't*, 305 F.3d 354, 358 (5th Cir. 2002)). This is not a rare and exceptional case; therefore, this factor is neutral.

**B.**    **Public Interest Factors**

     1.     The Administrative Difficulties Caused by Court Congestion

The parties do not address this factor. Therefore, this factor is neutral as to transfer.

     2.     The Local Interest in Adjudicating Local Disputes

The Liberty Cycler was mainly developed, manufactured and tested in California. No activities, other than the possibility of future distribution, related to the Liberty Cycler are alleged in Texas. Accordingly, the Court finds that this factor weighs in favor of transfer.

     3.     The Unfairness of Burdening Citizens in an Unrelated Forum with Jury Duty

The plaintiffs allege that the Liberty Cycler infringes its patent. None of the infringing

activity, however, occurred in Texas. Although the defendants have facilities in the Eastern District of Texas, the activities related to the Liberty Cycler took place in California. The Court finds that this factor weighs in favor of transfer.

    4.    <u>The avoidance of unnecessary problems in conflict of laws</u>

Patent claims are governed by federal law. This Court and the Court in the Northern District of California are both capable of applying patent law to infringement claims. Therefore, this factor is neutral as to transfer.

**III.  Conclusion**

The defendants have satisfied their burden of showing that the balance of convenience and justice substantially weighs in favor of transfer in this case. Accordingly, Defendants' Motion to Transfer Venue is GRANTED, and this case is hereby transferred to the Northern District of California.

   SIGNED this  6th  day of February, 2007.

                                            _____
                                            T. JOHN WARD
                                            UNITED STATES DISTRICT JUDGE